UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ELIZABETH TURNER,                              )
                                               )
                 Plaintiff,                    )
                                               )
        vs                                     )
                                               )        Case No. 1:23 CV 197 ACL
AMERICA'S CAR MART, INC.,                       )
                                               )
                 Defendant.                    )

## MEMORANDUM AND ORDER

Defendant America's Car Mart, Inc. removed this action from the Circuit Court of Cape Girardeau County, Missouri pursuant to 28 U.S.C. § 1331, citing subject matter jurisdiction under the Magnuson-Moss Warrant-Federal Trade Commission Improvement Act ("MMWA"), 15 U.S.C. § 2310, et seq.   (Doc. 1.)   Presently pending before the Court is Plaintiff's Motion to Remand.   (Doc. 10.)   Also pending is Defendant's Motion for Partial Dismissal of Plaintiff's Petition.   (Doc. 12.)

For the following reasons, the Motion to Remand will be granted, and this matter will be remanded to state court.

### I.   Background

Plaintiff Elizabeth Turner filed suit against Defendant in the Circuit Court of Cape Girardeau County on October 2, 2023.   (Doc. 1-1.)   The Petition alleges that Plaintiff purchased a 2013 Hyundai Sonata from Defendant on January 20, 2023, for the price of $14,999.   *Id.* at p. 2.   Plaintiff made a down payment of $500, and entered into a Motor Vehicle Retail Installment Sale Contract ("Contract") for the outstanding balance of the sale price.   *Id.*   Plaintiff received

1

possession of the vehicle from Defendant on January 20, 2023.   *Id.*   Plaintiff went to her local license office to register the vehicle, but could not do so because Defendant had not provided title to the vehicle to Plaintiff on the date she purchased the vehicle.   *Id.* at 3.   Plaintiff contacted Defendant, which admitted that it had not provided the title to the vehicle, and that Defendant did not yet have title to the vehicle itself.   *Id.*   Defendant instructed Plaintiff that she had to continue to make payments despite the fact that she never received the title to the vehicle. *Id.*   Plaintiff states that she made payments under the Contract to Defendant.   *Id.*

Plaintiff alleges that, in August 2023, Defendant unilaterally and extra-judicially seized the vehicle.   *Id.*   Defendant never sent Plaintiff a notice of default before repossessing the vehicle.   *Id.* at 4.   Plaintiff continued to make payments under the Contract, including prepayment of the amounts due in September 2023, after which Defendant returned possession of the vehicle to Plaintiff.   *Id.*   Plaintiff alleges that Defendant again repossessed the vehicle from Plaintiff on September 3, 2023.   *Id.* at 5.   Plaintiff claims that Defendant never provided title to the vehicle, and she was not in default of the Contract.   *Id.*

In Count I, Plaintiff alleges that Defendant violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 301.210, by failing to deliver title to a motor vehicle at the time of delivery.   In Count II, Plaintiff claims that Defendant violated the MMWA by failing to comply with its obligations under an implied warranty.   Count III alleges that Defendant violated Mo. Rev. Stat. § 408.562, by wrongfully repossessing the vehicle without giving Plaintiff an opportunity to cure the alleged payment default.   Plaintiff seeks actual damages, attorney's fees, and pre-judgment interest.

The record reflects that Defendant was served with the Petition on October 3, 2023.

(Doc. 1-4 at 1.)   Defendant removed this action from the Circuit Court of Cape Girardeau

County on November 2, 2023, citing federal question jurisdiction over Plaintiff's MMWA claim

under 28 U.S.C. § 1331, and supplemental jurisdiction of Plaintiff's state law claims pursuant to

28 U.S.C. § 1367(a).   (Doc. 1.)

On November 20, 2023, Plaintiff filed a Motion to Remand, in which she argues that

Defendant's attempt at removal must fail, because Defendant does not meet its burden to show

that the amount in controversy is greater than $50,000, as required by the MMWA.   (Doc. 10.)

Defendant opposes the Motion to Remand, arguing that including attorney's fees in the amount-

in-controversy would demonstrate the jurisdictional threshold under either the MMWA or the

MMPA.   (Doc. 16.)

Defendant subsequently filed a Motion for Partial Dismissal of Plaintiff's Petition.

(Doc. 12.)   Plaintiff requests that the Court stay briefing of Defendant's Motion to Dismiss

pending the Court's decision on Plaintiff's Motion to Remand.   (Doc. 18.)

## II.   Legal Standard

"The propriety of removal to federal court depends on whether the claim comes within

the scope of the federal court's subject matter jurisdiction."   *Peters v. Union Pac. R. Co.*, 80

F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)).   "A claim may be removed only if it

could have been brought in federal court originally."   *Id.*   Thus, a court may not exercise

jurisdiction in a case removed pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) unless there is

complete diversity.   *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).   "Critically, the party

seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about

federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

### III.   Discussion

As previously noted, Plaintiff argues that Defendant failed to meet its burden to establish the $50,000 amount in controversy for federal question jurisdiction under the MMWA.

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief."   15 U.S.C. § 2310(d)(1).   Although the MMWA is a federal statute, not all MMWA claims can be brought in federal court.   MMWA claims must meet an amount in controversy threshold for federal jurisdiction to apply.   A MMWA claim cannot be brought in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in th[e] suit."   15 U.S.C. § 2310(d)(3)(B).   Defendant, as the party invoking federal jurisdiction, has the burden to prove the requisite amount exists by a preponderance of the evidence.   *Cent. Iowa Power Co-op.*, 561 F.3d at 912.

Defendant does not address the amount in controversy at all in its Notice of Removal.   In the Petition, Plaintiff alleges that the value of the vehicle at issue is $14,999.   As such, neither the Notice of Removal nor the Petition establish that the $50,000 jurisdictional amount is satisfied.

Defendant argues that there is a circuit split regarding whether attorney's fees are considered "interests and costs" under the MMWA, and this issue has not been addressed by the

Eighth Circuit.   Defendant contends that this Court should adopt the reasoning of the Ninth Circuit and find attorney's fees are not costs within the meaning of the MMWA and may therefore be included in the amount in controversy, because they are available to prevailing plaintiffs pursuant to the fee-shifting provisions of the MMPA and MMWA claims.

Plaintiff responds that Defendant has waived any argument regarding removal under the MMWA's amount in controversy prong, because the Notice of Removal is silent with respect to the amount of damages at issue in this case.   Plaintiff further argues that Defendant's argument fails on the merits, as this District has held on multiple occasions that attorney's fees are excluded from the calculation of the jurisdictional amount necessary for a federal court's exercise of jurisdiction over a MMWA claim.

Although it is true that the Eighth Circuit has not yet addressed the issue, other judges in this District, as well as other circuit courts of appeals have found attorney's fees are excluded in calculating the amount in controversy for purpose of 15 U.S.C. § 2310(d)(1).   *See, e.g. Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 185 (3d Cir. 2023) (attorney's fees excluded from the calculation of the jurisdictional amount for a federal court's exercise of jurisdiction over an MMWA claim); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (same); *Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1271 (11th Cir. 1998) (same); *Saval v. BL Ltd.*, 710 F.2d 1027, 1032–33 (4th Cir. 1983) (same); *Bouton v. Valvoline, LLC*, No. 4:23-CV-408 RLW, 2023 WL 7155522, at *1–2 (E.D. Mo. Oct. 31, 2023) ("The Court will follow the courts that have held attorney's fees are not part of the calculation for determining the amount in controversy for a federal court to have jurisdiction over an MMWA claim"); *Pierce v. Vroom, Inc.*, No. 4:22-CV-728 JAR, 2022 WL 6990590, at *3 (E.D. Mo. Oct. 12, 2022) (same); *Miller v.*

*Nissan N. Am., Inc*., No. 4:18-CV-340 RLW, 2018 WL 4211370, at *3 (E.D. Mo. Sept. 4, 2018) (same); *Logan v. Valvoline LLC*, No. 4:18-CV-373 CDP, 2018 WL 2163649, at *2 (E.D. Mo. May 10, 2018) (same); *Mishra v. Coleman Motors, LLC*, No. 4:16-CV-1553 PLC, 2017 WL 994868, at *3 (E.D. Mo. Mar. 15, 2017) (same).   *But see Shoner v. Carrier Corp*., 30 F.4th 1144, 1148 (9th Cir. 2022) ("We hold that attorneys' fees are not 'costs' within the meaning of the MMWA and therefore may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes."); *Gardynski-Leschuck v. Ford Motor Co*., 142 F.3d 955, 958 (7th Cir. 1998) (in determining amount in controversy under Magnuson–Moss Act, attorney's fees are limited to those incurred at time of filing in federal court).

The undersigned will follow the decisions in this District that have concluded attorney's fees are not considered when determining the amount in controversy for the purpose of a MMWA claim.   Consequently, the Court finds Defendant fails to meet its burden of demonstrating the requisite amount in controversy under 15 U.S.C. § 2310(d)(1) has been met in this case.

Defendant also argues that this Court has jurisdiction based upon diversity of the parties. Defendant notes that Plaintiff alleges she is a resident of Missouri, and Defendant is a corporation incorporated in the state of Arkansas, with a principal place of business in Arkansas. Defendant contends that the inclusion of a potential adverse attorney fee award demonstrates that the amount in controversy would exceed the $75,000 required for diversity jurisdiction.

Plaintiff responds that Defendant cannot argue diversity jurisdiction under the MMPA because Defendant did not mention diversity in its Notice of Removal.   Instead, Defendant

argued that this Court has supplemental jurisdiction over the MMPA claim due to the alleged federal question jurisdiction stemming from the MMWA claim.

Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."   A notice of removal may be amended during the thirty-day period during which the removal may be filed.   *Lindsey v. Dillard's, Inc.,* 306 F.3d 596, 600 (8th Cir. 2002); *Whitehead v. The Nautilus Group, Inc.,* 428 F. Supp.2d 923, 928-29 (W.D. Ark. 2006).   Although a notice may be amended after the thirty-day period, the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice.   *Whitehead*, 428 F. Supp.2d at 928-29.   The amendment cannot add new grounds for removal once the thirty-day period has expired.   *Id.*

Here, Defendant did not assert that this Court had diversity jurisdiction over this action in its Notice of Removal, but waited until it filed a response to Plaintiff's Motion to Remand to pursue the diversity jurisdiction claim.   Defendant filed its Response on December 4, 2023, which was 62 days after Defendant was served with the Petition, and 32 days after Defendant removed the case.   As such, Defendant did not timely assert this Court had jurisdiction over this action based on diversity in its Notice of Removal, and the Notice of Removal may not be amended.

The Court finds that removal was improper in that the Court does not have federal jurisdiction over Plaintiffs' MMWA claim pursuant to 28 U.S.C. § 1331, the basis upon which Defendant removed the case.   Thus, the case must be remanded to state court pursuant to

§ 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this matter is

remanded to the Circuit Court of Cape Girardeau County, Missouri**.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (Doc. 18) is found **moot**.

Dated this 25th day of January, 2024.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE